## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| 2X LLC,<br><br>    Plaintiff,<br><br> v.<br><br>2XPAND INC. and UKYONG CHONG a/k/a UKY CHONG,<br><br>    Defendants. | Civil Action No. 1:23-cv-05357<br>JURY DEMAND |

## <u>COMPLAINT FOR TRADEMARK INFRINGEMENT</u>

Plaintiff 2X LLC ("Plaintiff" or "2X"), for its Complaint against Defendants 2Xpand Inc. ("2Xpand") and Ukyong Chong (collectively, "Defendants"), states as follows:

## I.   NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition under the Lanham Act and common law and for related violations of Illinois law. Defendants' unauthorized use of 2X's valuable trademarks and trade name is irreparably harming and, unless enjoined, will continue to irreparably harm 2X and its trademarks and name, business, reputation, and goodwill.

## II.   PARTIES

2. Plaintiff 2X LLC is a Pennsylvania limited liability company with its principal place of business at 801 Cassatt Road, Suite 10, Berwyn, Pennsylvania 19312.

3. Upon information and belief, Defendant 2Xpand Inc. is a Delaware corporation with a principal place of business at 99 Wall Street, New York, New York 10005.

4. Upon information and belief, Defendant Ukyong Chong is a citizen and resident of the state of Illinois with a residential address in Hoffman Estates, Cook County, Illinois.

### III.    JURISDICTION AND VENUE

5.      This action arises under the trademark and unfair competition laws of the United States and the state of Illinois. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367(a).

6.      Defendant 2Xpand is subject to personal jurisdiction in this district by virtue of its presence in this State, having conducted business in this State, having availed itself of the rights and benefits of Illinois law such that it should reasonably anticipate being haled into court in this judicial district, having engaged in systematic and continuous contacts with the State of Illinois, and in particular within this judicial district, and from the receipt of revenue from activities conducted in this state and in this judicial district, and by committing acts of infringement directly targeting this judicial district. According to 2Xpand's LinkedIn profile, 2Xpand has a location in Chicago. *See https://www.linkedin.com/company/2xpand/about/*. Upon information and belief, 2Xpand's Chief Executive Officer Ukyong Chong resides within this district and operates 2Xpand at least in part from his home in Hoffman Estates, Illinois. Moreover, 2Xpand's privacy policy located at *https://app.termly.io/document/privacy-policy/26cb9492-d883-4376-af54-14d5aeca 132c* identifies Mr. Chong as 2Xpand's Chief Privacy Officer and provides his address in Hoffman Estates for contact purposes.

7.      Defendant Ukyong Chong is subject to personal jurisdiction in this district because he resides within this district and, upon information and belief, operates 2Xpand at least in part from his home in Hoffman Estates, Illinois.

8.      Venue is proper in the district under 28 U.S.C. §§ 1391(b) and (c).

## IV.    FACTUAL ALLEGATIONS

**A.    2X and its Family of 2X Trademarks.**

9.      2X is a leading Business-to-Business ("B2B")-focused Marketing as a Service ("MaaS") firm. 2X was founded in 2017 by three former B2B chief marketing officers. Its mission is to enable marketing departments to operate with greater impact and at significantly lower cost.

10.      2X has since at least as early as 2018 continuously used its distinctive 2X name and trademarks comprised of or incorporating the mark 2X and/or the 2X logo depicted below (the "2X Marks") in United States commerce in connection with a variety of MaaS-related services, including without limitation marketing transformation and strategy, demand creation and acceleration, content operations, account based marketing, graphic design and brand activation, marketing operations, and martech administration services. 2X's broad suite of services includes lead generation through content syndication.

<u>**The 2X Logo**</u>



11.      Since its founding, 2X has expended substantial resources in marketing, advertising, and promoting the 2X Marks and has derived substantial revenues from its sale of MaaS and related services under the 2X Marks. 2X's extensive and continuous marketing, advertising, and sale of MaaS and related services under the 2X Marks has generated substantial goodwill and customer recognition in the 2X Marks.

12.     Today, consumers recognize the 2X Marks as an indicator of high-quality services emanating from a single source—2X.

13.     In addition to its robust common law rights in the 2X Marks and the 2X name, 2X owns United States Trademark Application Serial No. 97/261,505 for the 2X Logo in connection with a variety of services in International Classes 35 and 42, filed on February 10, 2022.

**B.      Defendants' Unlawful Acts.**

14.     2Xpand is a recent entrant to the MaaS space and a direct competitor of 2X. Upon information and belief, Mr. Chong founded 2Xpand in November 2022, and the company went to market February 2023.

15.     Like 2X, 2Xpand employs content syndication to generate business. In the words of Mr. Chong, 2Xpand "use[s] content to generate ideal engagement for [their] clients" and uses "direct, hyperfocused 1:1 email tactics." *See www.youtube.com/watch?v=FeKTFhlIg5w.*

16.     Upon information and belief, Mr. Chong is the guiding force behind and was primarily if not exclusively responsible for the adoption of the infringing business name 2Xpand and a series of trademarks that infringe 2X's prior rights in its 2X Marks, including the trademarks 2Xpand, 2X, and the logos depicted below (collectively, the "Infringing Marks").

 

17.     From the start, Mr. Chong and 2Xpand have made relentless use of the Infringing Marks to confuse consumers into believing that 2Xpand is an extension or expansion of or is related to, sponsored by, or otherwise associated or affiliated with 2X.

18.     Immediately upon launching his new enterprise, Mr. Chong sponsored and attended a leading industry conference—the B2B Marketing Exchange ("B2BMX"). According to contemporaneous posts on Mr. Chong's LinkedIn profile, Mr. Chong was personally responsible for preparing and/or directing the preparation of deliverables for use at B2BMX.



19.     At B2BMX, Mr. Chong and 2Xpand promoted 2Xpand's offerings to an audience that included both existing and potential consumers of 2X's services.

20.     As seen in the image below and on Mr. Chong's TikTok video available at *www.tiktok.com/@uky2xpand/video/7204860474251349291?lang=en*, 2Xpand's B2BMX booth was manned by Mr. Chong and was adorned with the Infringing Marks.



21.     Additional deliverables made available to B2BMX attendees (as well as the general public via the B2BMX website at *https://b2bmx.app.swapcard.com/event/b2b-marketing-exchange-2023/exhibitor/RXhoaWJpdG9yXzExMTE4NzU=*) include an informational deliverable entitled "2X Our Crawl, Run, Walk Approach," the 2X-branded "Compelling Outreach Guide" attached at **Exhibit A**, and a now-deleted article entitled "A Proven Framework for Lead Scoring," which, upon information and belief, was prominently branded 2X.

22.     Further examples of Mr. Chong's and 2Xpand's rampant infringement of the 2X Marks abound. In or around March 2023, 2Xpand released the "Pipeline to Revenue Best Practices Guide" attached at **Exhibit B**. The first page of this guide depicts the standalone trademark 2X. Upon information and belief, this document—including use of the standalone trademark 2X—was prepared and disseminated by or at the direction of Mr. Chong.



23.     2Xpand similarly displayed the standalone trademark 2X in a now-deleted series of articles, dead links to which are still available on Mr. Chong's and/or 2Xpand's LinkedIn Pages. Upon information and belief, these articles—including use of the standalone trademark 2X—were prepared and disseminated by or at the direction of Mr. Chong.





24.     The 2Xpand website located at *www.2xpand.com* makes prominent use of the Infringing Marks, including the standalone trademark 2X. The 2Xpand website's homepage and "Get in Touch" page attached at **Exhibit C** and excerpted below describe a 2X AI tool.

**2Xpand Homepage**



**2Xpand Get in Touch Page**



25.     Mr. Chong's personal LinkedIn page also reflects significant use of the standalone trademark 2X in addition to the infringing mark 2Xpand. For example, Mr. Chong provided weekly LinkedIn updates on his launch of 2Xpand in which he regularly referred to the business

as 2X. In the post depicted below, Mr. Chong uses 2Xpand and 2X interchangeably, referring to the "2X website" and a "2X Content strategy roadmap" (and demonstrating that Mr. Chong created and implemented or directed the creation and implementation of the 2Xpand website and related content).



26.     Mr. Chong also created a TikTok account using the name 2X Birdseye and handle uky2xpand.



27.     When Mr. Chong shares TikToks from this account to LinkedIn, the videos are presented as originating with "2X Birdseye on TikTok," as depicted below:



28.     Defendants' use of the Infringing Marks for directly competing services will naturally confuse and mislead consumers. Setting aside Defendants' use of the identical, standalone trademark 2X, the trademark 2Xpand connotes an "expansion." This will lead consumers to believe that 2Xpand's business is an extension or expansion of 2X when it is not.

29.     Unless Defendants cease their unauthorized, infringing, and intentionally confusing use of the Infringing Marks, customers will continue to be confused by Defendants' false and deceptive acts. Such confusion will allow Defendants to destroy and devalue the 2X Marks, causing irreparable harm in the process.

30.     Defendants' acts described above are knowing and willful. With full knowledge of 2X's objections, Defendants continue to use and are indeed expanding their use of the Infringing Marks.

## COUNT I
### Trademark Infringement and Unfair Competition
### 15 U.S.C. § 1125(a)

31.     2X realleges and incorporates herein by reference the allegations set forth in the foregoing paragraphs.

32.     As a result of 2X's extensive and continuous marketing, advertising, and sale of services under the 2X Marks and its 2X name, the 2X Marks and 2X name have become widely known and 2X has become identified in the public mind as the entity behind services offered under the 2X Marks.

33.     As a result of 2X's experience and care in providing services under the 2X Marks and the 2X name, 2X's services have become widely known and have acquired a reputation for excellence. Moreover, the 2X Marks have become associated with 2X's services, and have come to symbolize the reputation for quality and excellence of 2X's services. As such, the 2X Marks and the 2X name are distinctive.

34.     Defendants are not authorized to use the 2X Marks, the Infringing Marks, any confusingly similar mark, or any mark that in any way represents or implies that 2Xpand's services are in any way associated with 2X.

35.     Defendants' unauthorized use of the Infringing Marks as alleged herein constitutes trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(a). Defendants, with knowing, willful, and intentional disregard for 2X's rights, continues to advertise, promote, and sell services bearing the likeness of the 2X Marks and imitations thereof through marketing and distribution channels used by 2X. Such acts are likely to cause confusion and mistake with an appreciable number of reasonable customers as to the source or sponsorship of 2Xpand's services.

36.     As a direct and proximate result of Defendants' actions, 2X has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court preliminarily and permanently enjoins Defendants' actions. 2X has no adequate remedy at law.

37.     As a direct and proximate result of Defendants' actions, 2X has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

38.     This is an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## COUNT II
### Illinois Common Law Unfair Competition

39.     2X realleges and incorporates herein by reference the allegations set forth in the foregoing paragraphs.

40.     As a result of 2X's extensive and continuous marketing, advertising, and sale of services under the 2X Marks and its 2X name, the 2X Marks and 2X name have become widely known and 2X has become identified in the public mind as the entity behind services offered under

the 2X Marks.

41.     As a result of 2X's experience and care in providing services under the 2X Marks and the 2X name, 2X's services have become widely known and have acquired a reputation for excellence. Moreover, the 2X Marks have become associated with 2X's services, and have come to symbolize the reputation for quality and excellence of 2X's services. As such, the 2X Marks and the 2X name are distinctive.

42.     Defendants are not authorized to use the 2X Marks, the Infringing Marks, any confusingly similar mark, or any mark that in any way represents or implies that 2Xpand's services are in any way associated with 2X.

43.     Defendants' unauthorized use of the Infringing Marks as alleged herein constitutes unfair competition in violation of the common law. Defendants, with knowing, willful, and intentional disregard for 2X's rights, continues to advertise, promote, and sell services bearing the likeness of the 2X Marks and imitations thereof through marketing and distribution channels used by 2X. Such acts are likely to cause confusion and mistake with an appreciable number of reasonable customers as to the source or sponsorship of 2Xpand's services.

44.     As a direct and proximate result of Defendants' actions, 2X has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court preliminarily and permanently enjoins Defendants' actions. 2X has no adequate remedy at law.

45.     As a direct and proximate result of Defendants' actions, 2X has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## COUNT III
### Violation of Illinois Uniform Deceptive Trade Practices Act
### 815 ILCS 510/1 et seq.

46.     2X realleges and incorporates herein by reference the allegations set forth in the foregoing paragraphs.

47.     Defendants have used and are using the Infringing Marks in connection with the sale, offering for sale, distribution, promotion or advertising of its services in commerce in such a manner as to cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of its services.

48.     As a direct and proximate result of Defendants' unauthorized use of the Infringing Marks, 2X has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

49.     By using the Infringing Marks without 2X's approval or consent and with knowledge of 2X's rights in its trademarks, Defendants have willfully infringed upon the rights of 2X, with intent to trade upon the goodwill associated with the 2X Marks.

50.     Defendants' acts complained of herein thus violate the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq.

51.     As a direct and proximate result of Defendants' actions, 2X has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court preliminarily and permanently enjoins Defendants' actions. 2X has no adequate remedy at law.

**COUNT IV**
**Violation of Illinois Consumer Fraud and Deceptive Business Practices Act**
**815 ILCS 505/1 et seq.**

52.     2X realleges and incorporates herein by reference the allegations set forth in the foregoing paragraphs.

53.     Defendants' acts complained of herein violate the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq.

54.     As a direct and proximate result of Defendants' actions, 2X has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court preliminarily and permanently enjoins Defendants' actions. 2X has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, 2X respectfully requests that this Court:

A.     Enter judgment that Defendants have violated the Lanham Act, 15 U.S.C. § 1125(a); the Deceptive Trade Practices Act, 815 ILCS 510/1, et seq.; and the Consumer Fraud and Deceptive Business Practices, 815 ILCS 505/1, et seq.; and the common law of Illinois.

B.     Enter judgment against Defendants that the above acts were willful and intentional, making this an exceptional case.

C.     Preliminarily and permanently enjoin Mr. Chong and 2Xpand and its officers, directors, agents, employees, attorneys, successors, and assigns, and all others in active concert or participation with any of them, from:

> a.     using the 2X Marks or the 2X name, the Infringing Marks, any confusingly similar marks or names, including misspellings or variations, or any marks or names that in any way represent or imply that 2Xpand's services are in any way associated with 2X, including without limitation use as a

            trademark, service mark, trade name, domain name, social media account or page name, or any other usage that is likely to cause consumer confusion;

b.     committing any acts calculated to cause consumers to believe that 2Xpand's goods or services are sold under the authorization, control or supervision of 2X, or are sponsored by, approved by, or otherwise connected with 2X;

c.     otherwise engaging in unfair competition or deceptive trade practices as alleged in this Complaint; and

d.     causing, engaging in or permitting others to do any of the aforesaid acts.

D.     Order Defendants to remove from the internet, including their websites and social media accounts, any advertising or promotion or other activities that use the Infringing Marks.

E.     Order Defendants to file with the Court and serve on counsel for 2X within 30 days after the entry of any injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Defendants have complied with the injunction.

F.     Award 2X damages for the claims of this Complaint.

G.     Order Defendants to account for and disgorge to 2X all profits Defendants have secured by reason of the unlawful acts complained of herein.

H.     Treble damages resulting from Defendants' unfair competition under the Lanham Act in accordance with the provisions of 15 U.S.C. § 1117.

I.     Order Defendants to pay 2X's pre-judgment interest on all damages.

J.     Award 2X its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and any other applicable provision of law.

K.     Award 2X its costs of suit incurred herein.

17

L.      For any such other or further relief as the Court may deem just and proper.

### **DEMAND FOR JURY TRIAL**

2X hereby demands a jury trial on all issues appropriately triable by a jury.

Dated:  August 11, 2023                          Respectfully submitted,


By:     */s/ Kathryn Ann Feiereisel*
        Kathryn Ann Feiereisel
        Illinois Bar No. 6310852
        MORGAN, LEWIS & BOCKIUS LLP
        110 North Wacker Drive
        Chicago, IL 60606-1511
        Telephone:   (312) 324-1000
        Facsimile:    (312) 324-1001
        katie.feiereisel@morganlewis.com


        *Counsel for Plaintiff 2X LLC*